**WO**                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cedric Ah Sing, | ) | No. CV 12-0034-PHX-GMS (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Corrections Corporation of America, et al., | ) | |
| Defendants. | ) | |

Plaintiff Cedric Ah Sing, who is confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a motion to join another inmate as a plaintiff in this case.  (Doc. 4.)  Plaintiff has not paid the $350.00 civil action filing fee or filed a proper Application to Proceed *In Forma Pauperis*.  The Court will give Plaintiff 30 days to pay the fee or file a properly completed Application to Proceed *In Forma Pauperis* and will deny his motion to join.

## I.     Payment of Filing Fee

When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must submit statements from each institution where he was confined during the six-month period.

JDDL

1    Id.  To assist prisoners in meeting these requirements, the Court requires use of a form

2    application.  LRCiv 3.4(a).

3         If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an

4    initial partial filing fee of 20% of either the average monthly deposits or the average monthly

5    balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial

6    partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4).  The

7    balance of the fee will be collected in monthly payments of 20% of the preceding month's

8    income credited to an inmate's account, each time the amount in the account exceeds $10.00.

9    28 U.S.C. § 1915(b)(2).

10   **II.    Application Fails to Comply With Statute**

11        Plaintiff has used the court-approved form and completed the "Consent to Collection

12   of Fees from Trust Account" section and had the "Certificate of Correctional Official as to

13   Status of Applicant's Trust Account" section completed.   However, Plaintiff has not

14   submitted a certified six-month trust account statement. In light of that deficiency, Plaintiff's

15   *in forma pauperis* application will be denied.  Plaintiff will be granted 30 days to either pay

16   the $350.00 filing fee or file a new complete Application to Proceed *In Forma Pauperis*.

17   **III.   Motion to Join Another Inmate as a Plaintiff**

18        Plaintiff seeks to join another inmate, Inmate Abordo, as a plaintiff in this case.

19   Generally, plaintiffs may join in one action if they assert any right to relief arising out of the

20   same occurrence or series of occurrences and if any question of law or fact in common to all

21   plaintiffs will arise in the action.  Fed. R. Civ. P. 20.  However, the Court may drop parties

22   and sever claims on just terms pursuant to Rule 21.   See Desert Empire Bank v. Ins. Co. of

23   N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20

24   may be satisfied, a trial court must examine other relevant factors to determine if joinder of

25   a party will comport with principles of fundamental fairness).

26        The Court has found that management of *pro se* multi-plaintiff inmate litigation

27   presents significant burdens to both the parties and the Court.  Plaintiff and Inmate Abordo

28

are inmates proceeding *pro se* and, although each may appear on his own behalf, neither may appear as an attorney for the other.  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  Therefore, during the prosecution of this action, each inmate would be required to sign and submit his own motions and notices related to his claims in this action, and both would be required to individually sign any motion or notice filed on behalf of both. However, because of security concerns related to inmate correspondence and face-to-face communications, Ah Sing and Abordo would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other copies of the motions and notices they file with the Court.  Thus, continued administration of the lawsuit by the inmates would be limited, if not virtually impossible, due to the regulation of inmate-to-inmate correspondence.  Moreover, inmates are subject to transfer at any time to a facility other than the one where they are currently incarcerated.

With these concerns in mind, the Court concludes that joinder of Abordo as a plaintiff would result in unfairness to him, Ah Sing, and the Defendants and to the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket. Moreover, Inmate Abordo filed his own case several months ago, see Abordo v. Corrections Corp. of America, No. CV11-1367-PHX-FJM (D. Ariz. 2011), and was not permitted to add Ah Sing as a Plaintiff for the reasons cited above by this Court.  For all of these reasons, Plaintiff's motion to join another inmate as a plaintiff in this case will be denied.

**III.   Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See

LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **denied without prejudice**.  (Doc. 3.)

(2)    Within 30 days of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee **or** file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

(3)    If Plaintiff fails to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(4)    The Clerk of the Court must mail Plaintiff a court-approved form for filing an Application to Proceed *In Forma Pauperis* (Non-Habeas).

(5)    Plaintiff's motion to join is **denied**.  (Doc. 4.)

DATED this 21st day of February, 2012.

G. Murray Snow
United States District Judge

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action.  If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee.  However, the court will assess an initial partial filing fee.  The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit.  The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income.  The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00.  The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months.  If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined.  If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, ) CASE NO. _____
                                  )
                        Plaintiff, )
                                  )
              vs.                 )            APPLICATION TO PROCEED
                                  )            *IN FORMA PAUPERIS*
_____, )            BY A PRISONER
                     Defendant(s). )            CIVIL (NON-HABEAS)
                                  )

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
   ☐Yes   ☐No   If "Yes," how many have you filed? _____.
   Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes   ☐No   If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

Revised 4/9/06                                    1

4.   Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                        ☐Yes          ☐No

If "Yes," state the sources and amounts of the income, savings, or assets. _____

_____

_____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
DATE                                                        SIGNATURE OF APPLICANT

---

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:

(A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)  the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                    _____
DATE                                                        SIGNATURE OF APPLICANT

---

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
(Printed name of official)

The applicant's trust account balance at this institution is:                    $_____
The applicant's average monthly deposits during the prior six months is:    $_____
The applicant's average monthly balance during the prior six months is:      $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE          AUTHORIZED SIGNATURE          TITLE/ID NUMBER          INSTITUTION

Revised 4/9/06                                      2